## HUGGINS et al. v. HANDY et al.

### No. 11,347; March 29, 1888.

#### 17 Pac. 533.

**Appeal—Failure to Appear or File Authorities—Excuse.**—That a case was set for the last day of the session of the supreme court, and the court for years past had never been able to finish the calendar, and that defendants' attorney did not expect the case to be reached, is not sufficient to justify setting aside a judgment of affirmance, made because there was no appearance, or points or authorities on file, for defendant.

APPEAL from Superior Court, Santa Clara County; D. Belden, Judge.

This case was set for hearing at the January term, and, on being reached on the calendar, there was no appearance,

and no points or authorities on file, for appellant. The judgment of the lower court was affirmed. Subsequently, on motion, an order was made to show cause why the order of affirmance should not be set aside, and the accompanying affidavit was filed on the hearing of the order to show cause:

"I, W. S. Goodfellow, being duly sworn, depose and say as follows: I am the attorney for the appellants in this cause. On Thursday last the judgment and order appealed from were affirmed by this court, for the reason that there was no appearance by counsel for appellants, and no points and authorities on file. My failure to appear personally, or to file points and authorities, was due to the following causes: On the day on which this cause was reached on the calendar of this court I was engaged in the actual trial of a case in the superior court of Tulare county at Visalia, and had been so engaged all of that week. Moreover, I did not expect this cause to be reached on the calendar. When the calendar of this court in bank and in departments was published last January, I noticed that there were only three causes to which I would be required to give my personal attention—one in bank, one in Department 1 early in February, and this cause, which I found to be set for the last day of the session. The other cases I knew would be heard, and I made preparation, and argued them in due course. I felt almost certain that this cause would not be reached this session. Since 1880 this court has been so much overburdened with work, and with the hearing of cases of public importance, and the returning of prerogative writs, which are specially set and do not appear on the regular calendar, that, as I believe, neither department has hitherto been able to finish its regular calendar at the San Francisco session. I am told by a deputy in the clerk's office that this is the first occasion in his experience in which the court has been able to dispose of all the cases on the San Francisco calendar. As I have said, therefore, on reading the calendar in January I concluded that this case would not be reached, and I was afterward confirmed in that opinion when the order was made postponing all cases on the calendar two weeks. I would perhaps have noticed the progress the court was making had I not been absent in the country a considerable portion of the time. During the past five weeks I have

been absent attending to cases in four different counties outside of San Francisco, namely, in Contra Costa, Tuolumne, Santa Clara and Tulare. I was absent from San Francisco —on the trial of the case at Visalia, and afterward for one day attending to a case in Fresno,—from Saturday, the 3d day of March, until the afternoon of Saturday last, the 10th day of March; and on my return on the last-named day I discovered for the first time from the Law Journal that this case had been reached, and disposed of in my absence. The same afternoon I tried without success to find the presiding justice of this department, intending to make application for an order to show cause why the judgment should not be set aside. If I had not been absent in Tulare county, as above stated, I certainly would have been in attendance in the supreme court on the day this cause was reached. There is now, and for more than thirteen years there has been, published in this city a daily Law Journal in which appears the calendar of the day of every court of record holding court in this city and county. I have always been accustomed to rely upon the Law Journal for information as to what cases will be called for trial each day. I keep a diary of prospective events, but its chief purpose is to note the expiration of time to plead, etc. I sometimes, though not always, note upon that diary the dates of causes set for trial. [This cause was not noted on the diary.] I depend and have always depended upon the Law Journal to ascertain what causes are set for trial each day, and to protect me from allowing them to go by default. When cases are specially set, that fact also appears in the Law Journal. The calendar of this court, as a whole, was not published, as I believe, after January 23d, but there was published each day the list of cases to be heard on that day. My invariable practice is and has been to consult the Law Journal on my first arriving at the office in the morning. As an evidence that this system is sufficiently safe I may say, as the fact is, that in my experience of nearly thirteen years I have never omitted to be present in the supreme court when any case in which I was interested was called for hearing; nor, as far as I can remember, have I ever failed to be present on the trial of any cause in any of the other courts of record in this city and county. If I had not

been absent in Visalia I would have seen the calendar of this department for March 8th, which was duly published on that day, and I would, of course, have been in attendance. When I am absent I have some one to attend to my cases, of course, but for the reasons above stated I gave no directions as to this particular case. The clerk who was with me when the case was tried in the superior court, and who attended to preparing the appeal, left me nearly three years ago, and nothing has been done in connection with the case since. Although, therefore, the case appeared in the Law Journal of Thursday last, in my absence it was not recognized by anyone as a case in which the office was interested.

"I further depose and say that this appeal was taken and has been prosecuted in perfect good faith in the belief that the judgment of the court below is erroneous, and not in any degree for the purposes of delay, or from other unworthy motives. The amount involved is $2,000, with several years' interest. The action is upon a written contract for the payment of money upon certain contingencies, and the only question is whether upon facts almost undisputed the contingencies have happened or not. The judgment below was in favor of the plaintiffs. The defendants are fully solvent, and have, besides, given an adequate bond conditioned to stay execution. The defendants, as I believe, fully and fairly stated to me as their counsel the facts of the case. I also heard all the evidence given in open court. After such statement, and also after such hearing, I believe, and so advised them, and, so far as I can know, they each believe, that they had a good and sufficient defense to the action and grounds of appeal on the merits. I reside in the county of Alameda, and, so far as this is an affidavit of merits, or such affidavit as required, I make it on behalf of the defendants, for the reason that I do not know where at present they can be found. The transcript in this cause is not long, nor are the questions involved specially intricate. If the judgment herein be vacated I will be prepared to argue the cause orally at a moment's notice, or I can file a brief in five days' time, or even less, if time be material. I know no reason why the judgment entered on Thursday last cannot be vacated without prejudice or injury to the rights of the respondents or either of them.

"Subscribed and sworn to before me this 12th day of March, 1888."

The following order was then entered by the court: "Upon reading and filing the affidavit of W. S. Goodfellow in the above-entitled cause, it is ordered that the respondent show cause before this court, department No. 2, on the 22d day of March, 1888, at 10 o'clock in the forenoon of that day, why the order heretofore made affirming the judgment and order of the court below should not be vacated and set aside, and it is further ordered that a copy of said affidavit, and of this order, be served upon the attorney for the respondents five days before the said 22d day of March, 1888."

W. S. Goodfellow for appellants; S. F. Leibe for respondents.

Per CURIAM.—The showing made is not sufficient to justify the setting aside of the judgment of affirmance herein, and the motion is denied.    So ordered.